HENRY TROTH, EXECUTOR OF EDWARD BURROUGH, PLAINTIFF IN ERROR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CAMDEN, DEFENDANT IN ERROR.

1. Under the act of March 17th, 1874 (*Pamph. L., p.* 280), all fees chargeable by the clerk of Camden county for services rendered by him as clerk of the criminal and civil courts of the county belong to the county.

2. There is no law allowing any fee to the clerk of Camden county for services performed by him in reviewing, correcting and certifying bills under sections 109 and 153 of the Criminal Procedure act.

3. In certifying bills under the sections just mentioned, the county clerk added to each bill a fee of fifty cents for himself, for his services, and collected this fee from the person producing the bill for certification, who, in turn, collected it from the county collector. *Held,* that the county could recover the same from the clerk.

On error to the Supreme Court.

For the plaintiff in error, *Thomas B. Harned.*

For the defendant in error, *Henry S. Scovel* and *Thomas E. French.*

The opinion of the court was delivered by

DIXON, J.    The questions raised in this cause relate to the right of the defendant's testator, Edward Burrough, to receive and retain certain moneys which came to his hands while he was clerk of Camden county during the years 1886 to 1891.

The statute applicable, generally, to the issues involved is "An act to regulate the salary of the clerk of the county of Camden," approved March 17th, 1874 (*Pamph. L., p.* 280), which enacts that he shall receive a salary of $4,000 per annum "for his services as clerk of the criminal and civil courts of said county, which sum is to be paid to him in quarterly payments by the collector of said county, and is to

be in lieu of all fees, costs and compensation now allowed him in said courts, and all fees, costs and compensation that said clerk is now entitled by law to receive shall be taxed in all bills of costs, the same as are now taxed, and shall be collected by the sheriff of said county and be by him paid over to the collector of said county for the use of said county."

Under our constitution and statutes, the clerk of each county is also the clerk of the Court of Common Pleas and of the Circuit Court, which are civil courts in the county, and of the Court of Quarter Sessions, the Court of Oyer and Terminer and the Court of Special Sessions, which are criminal courts in the county. His duties, therefore, are divisible into those devolved upon him as clerk of these courts and those pertaining to his primary office as clerk of the county. This division is that contemplated by the act of 1874, and, according to that act, the salary specified is made his sole compensation for the duties first mentioned.

The defendant insists that the services covered by the salary are only those for which the clerk's fees are "taxed in bills of costs" and "collected by the sheriff," so as "to be by him paid over to the collector of the county." But we think this construction is too narrow. The closing sentences of the statute may be confined to fees of this character, but the prior clauses plainly include all services as clerk of the courts, and as the fees for those services are not abolished and the county is to pay the salary in lieu of them, the clear intendment of the law is that all such fees shall go towards reimbursing the county treasury.

According to the assignments of error the county has recovered judgment below for $39.50 received by the clerk for swearing in sheriffs, justices of the peace, coroners and judges of the Common Pleas, and $290 received by him for issuing licenses to sell intoxicating liquors. These services were rendered by him as clerk of the Court of Common Pleas (*Gen. Stat.*, *pp.* 1788, 1797; *Id.*, *p.* 2331, § 11), and therefore they belonged to the county.

The county also has judgment for $1,136.80 received by the clerk " for taxing criminal bills of costs of justices and others, and taxing bills of justices in cases of petty larceny, maintenance and support," and $4,872.58 received by him " for taxing bills of costs in disorderly cases."

We understand that the services for which these fees were received were performed under sections 109 and 153 of the Criminal Procedure act (*Gen. Stat., pp.* 1142, 1150), which require the county clerk to review and correct the bills of justices and others against the county, and to certify the correct amount thereof to the county collector for payment.    In performing this function the practice of the clerk seems to have been to add to each bill a fee of fifty cents for himself, and certify it as a part of the correct amount, and this fee, being paid to the clerk by the person presenting the bill for certification, was by the latter collected from the county.

The defendant contends that this service is embraced within the third section of the Fee bill (*Gen. Stat., p.* 1450), which allows " clerks, for taxing every bill of costs, fifty cents," and that as the service was, according to the statutes enjoining it, to be rendered by the " county clerk," the charge was legitimate.    But an examination of the statutes allowing clerks a fee " for taxing every bill of costs " shows clearly that the taxation there intended was the taxation of costs in causes instituted in the court of which the person entitled to the fee was clerk.    See *Elm. Dig., p.* 185, §§ 49, 50; *Nix. Dig. (ed. of* 1855), *p.* 273, §§ 4, 6; *Id. (ed. of* 1868), *p.* 322, §§ 4, 6. They have no reference to the services now under consideration, in the discharge of which the county clerk acts as an auditing officer for the protection of the county.    *Shumar* v. *Applegate*, 22 *Vroom* 117.

We have found no law allowing any fee for the service of the county clerk under these sections of the Criminal Procedure act, and therefore we must adjudge the charge to have been illegal.    *State* v. *Kelsey*, 15 *Vroom* 1, 32.

By certifying this fee for himself as one proper to be paid by the county collector to the person presenting the certified

bill, the county clerk made that person his agent to collect the fee for him, and therefore the case is the same as if the county clerk had received it directly from the county treasury. Under the rule laid down in *Demarest* v. *New Barbadoes,* 11 *Vroom* 604, it is now recoverable from him by the county.

The exact nature of the transaction by which the defendant's testator received $880 from the county collector, as mentioned in the fourth assignment, cannot be learned from the case before us. But as it is incumbent on the plaintiff to show error in the record, and none appears as to this item, we cannot interfere with it.

The judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, BOGERT, DAYTON, HENDRICKSON, NIXON. 12.

*For reversal*—None.