JOHN W. JUDSON, RELATOR-APPELLANT. v. NEWARK BOARD OF WORKS PENSION ASSOCIATION AND THE TRUSTEES OF THE NEWARK BOARD OF WORKS PENSION ASSOCIATION, DEFENDANTS-RESPONDENTS.

Submitted February 16, 1945—Decided April 19, 1945.

For the appellant, *Parnell & Krueger* (*Joseph Coult*, of counsel).

For the respondents, *Gilhooly & Yauch* (*John H. Yauch, Jr.*, of counsel).

For the City of Newark, *amicus curiæ*, *Philip J. Schotland* (*Thomas M. Kane*, of counsel).

PER CURIAM.

The judgment is affirmed, and generally for the reasons expressed in the opinion of Chief Justice Brogan for the Supreme Court.

Retirement on half-pay, as the Chief Justice says, is the undoubted legislative policy; and the allowance of pensions under both statutes (*R. S.* 43:12–1, *et seq.* and *R. S.* 43:19–9a) would do violence to that design.

However, it is pointed out in the opinion that relator's involuntary retirement under *R. S.* 43:12–1, was accomplished by a resolution adopted November 4th, 1942, making the retirement effective as of the succeeding December 31st; and it is said that "the interval was ample for him" to apply for retirement under the statute he now invokes. Suppose the retirement was made effective immediately upon the passage of the resolution! It would seem that if the affected civil servant fails to act until involuntary retirement is effected, he cannot proceed under the other statute. But we have no occasion to determine that question. It suffices here to hold that, by the acceptance of pension payments under section 43:12–1 after the retirement resolution had become effective, he acquiesced in the involuntary retirement and is now estopped from proceeding under the second pension act.

*For affirmance* — THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, FREUND, JJ. 12.

*For reversal*—None.