JOHN J. FALLON, PROSECUTOR, v. THE MAYOR AND COUN-
CIL OF THE CITY OF HOBOKEN, A MUNICIPAL COR-
PORATION OF THE STATE OF NEW JERSEY, AND AR-
THUR C. MALONE, CITY CLERK, RESPONDENTS.

Argued May 4, 1948—Decided June 1, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Markley & Broadhurst* (*Edward A. Markley* and *James J. Langen,* of counsel).

For the respondents, *Dominick R. Rinaldi* (*E. Norman Wilson,* of counsel).

The opinion of the court was delivered by

COLIE, J. Prosecutor applied to the Board of Commissioners of the Mayor and Council of the City of Hoboken for a pension. His application, grounded upon *Pamph. L.* 1947, *ch.* 160, amending *R. S.* 43:12–1, was denied. The statute reads:

"43:12–1. A person who has been continuously in the employ of any city for a period of twenty-five years and has reached the age of seventy years or who has been continuously in the employ of any city for a period of forty years and has reached the age of sixty years or who has been continuously or otherwise in the employ of any city for a period of twenty-five years and has reached the age of seventy-five years, may retire or be retired at any time thereafter. On or after retire-

ment he shall be paid in semi-monthly installments by the city one-half of the amount he was receiving as salary from the city at the time of his retirement."

Prosecutor served, in the aggregate, more than twenty-five years as assistant corporation attorney and as corporation attorney and on the date of applying for a pension was seventy-six years of age. He thus met the conditions imposed by the statute according to its unambiguous language.

Respondents seek to justify the denial of a pension on the ground that the prosecutor was "a public officer." The statute reads "a person * * * in the employ of any city" and whether he is or is not a public officer does not remove him from the status of an employee. It is also said that the municipal action was proper because to grant the pension would be against public policy. This argument, for what it may be worth, should be addressed to the legislative, not the judicial, branch of the state government. Lastly it is said that *R. S.* 43:12–1 is special legislation. The statute embraces all and excludes none whose conditions and wants render such legislation equally appropriate to them as a class and is therefore general legislation.

The resolution under review is set aside, with costs.