[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 577 
The plaintiff is a retired policeman of the Township of Teaneck. He receives a pension of $50.78 semi-monthly on the 15th and 30th day of each month.
On July 21st, 1948 he assigned to defendant Frances Sganga, in writing for a valuable consideration, all his pension rights and payments accruing to him from the Pension Fund Commission of the Township to the extent of $650.00 and appointed her his agent to receive the payments as they accrued and became payable. The Pension Fund Commission refused to recognize the validity of the assignment and to pay the pension installments as they accrued to either the plaintiff or his assignee.
On September 8th, 1948 the plaintiff revoked the assignment by an instrument in writing and so notified the Pension Fund Commission. On September 15th the Commission refused to pay the pension in full. It determined to pay him half the *Page 578 
pension and to withhold the other semi-monthly check pending legal advice.
The plaintiff instituted this suit of review in lieu of a prerogative writ praying for an order to direct the Pension Fund Commission to pay him his pension in full by issuing and delivering two checks each month, each in the sum of $50.78.
The Pension Fund Commission admits the allegations of the complaint and by way of "counterclaim and interpleader" requests and adjudication whether the plaintiff or defendant Frances Sganga is entitled to the pension. The other defendant also by way of "counterclaim" pleads that the plaintiff borrowed the sum of $800.00 from her on June 17th, 1947; that plaintiff and she agreed to settle and compromise the debt for $650.00 on July 21st, 1948; that the assignment was given in pursuance thereof and she prays that the Pension Fund Commission be directed to pay to her whatever sums have accumulated for her benefit, and that the revocation of the assignment be set aside. No point is made whether all this is good practice under the new rules of procedure.
At the pretrial conference it was agreed to limit the issues to the following: (1) Could the plaintiff make a valid assignment of his pension as a retired policeman? (2) If so, what is the effect of a revocation of the assignment before payments were made thereunder?
A pension for past services, where the pensioner is not subject to call for further public service when the occasion demands, is assignable except where prohibited by statute. 48 C.J. 792;Passaic National Bank c. Co. v. Eelman, 116 N.J.L. 279 at
286. This case was presented on the theory that the plaintiff receives his pension under the provisions of R.S. 43:16-1 etseq., as amended in 1944. There is nothing to indicate the plaintiff is subject to recall for further public service and the statute under which the plaintiff receives his pension does not prohibit the assignment thereof. The act, R.S. 43:16-7, asamended P.L. 1944, Chapter 253, p. 829, however, does provide that "All pensions granted under this chapter shall be exempt from execution, garnishment, attachment, sequestration or other legal process." Other pension statutes *Page 579 
not here pertinent do prohibit assignment; see R.S. 43:13-9 andR.S. 43:16A-17.
A pension is not a matter of contractual or vested legal right between the employe and the municipality, and the employe has no rights except those based upon and within the pertinent statute, and this is true even though compulsory deductions from the salary of the employe for the support of the pension fund were made. Bennett v. Lee, 104 N.J.L. 453. A pension is in the nature of an expectancy, granted in recognition of meritorious past services or of disability incurred in the public service. The length of time of enjoyment is uncertain. The pensioner may die or the act granting the pension may be changed or repealed, but the right to a pension installment which has matured cannot be denied. The pensioner has a right to the payments as they fall due. In the absence of a prohibition against assignment in the statute and proof that he was subject to recall for further public service (which would make the assignment against public policy), the plaintiff could make a valid assignment of his accrued pension payments. The assignment operated to transfer to the defendant Frances Sganga all the right, title and interest of the plaintiff in the accrued or matured pension payments to the extent of $650.00. He could not effectively assign his pension in futuro. She obtained no greater right or interest than that possessed by the plaintiff. The assignment was one of an expectancy and it operated by way of executory contract, taking effect as an assignment when the pension payments matured.
An assignment may be revoked before the rights of the assignee become fixed. The defendant Frances Sganga's rights became fixed when the payments of July 30th, August 15th and August 30th matured. The assignment operated to transfer to her all the right, title and interest of the plaintiff in those payments. The plaintiff had a right to revoke the assignment of his expectancy on September 8th, 1948 and thereafter the matured pension payments should have been made to him. *Page 580 
The result is that a judgment will be entered ordering and directing The Police and Firemen's Pension Fund Commission of the Township of Teaneck to pay to the defendant Frances Sganga the accrued pension payments of $50.78 each which fell due on July 30th, August 15th and August 30th, 1948 and the remaining matured pension installments to the plaintiff.