CHARLES V. CRASTER, PLAINTIFF-RESPONDENT, v. BOARD OF COMMISSIONERS OF THE CITY OF NEW-ARK, DEFENDANT-APPELLANT.

Argued March 17, 1952—Decided April 7, 1952.

226

*Mr. Joseph A. Ward* argued the cause for appellant (*Mr. Charles Handler,* attorney).

*Mr. Michael N. Chanalis* argued the cause for respondent (*Messrs. Chanalis, Lynch & Maloney,* attorneys).

The opinion of the court was delivered by

WACHENFELD, J. The question here is whether, under the circumstances presented, a person who has qualified under each of two separate pension retirement plans has the privilege of electing the one most beneficial to him.

The plaintiff entered the employ of the City of Newark as a health officer on June 1, 1915, and continued in office without interruption until August 15, 1951, at which time he had attained the age of 79 years.

On February 15 of that year he wrote to the Director of Public Affairs, his immediate superior on the city commission, asking for six months' leave of absence and tendering his resignation to be effective August 15. The Director answered the following day granting the sick leave and accepting the resignation, adding:

"I may also add that I sincerely trust that you will succeed in obtaining such financial benefits to which you are entitled under the laws governing the Newark Board of Health Pension Fund Association, and to which you have contributed for so many years."

The plaintiff answered saying he was "hereby advising you that in accordance with the provisions of *R. S.* 43:12–1 *et seq.* I am electing to retire on a pension of one-half of the amount of salary that I shall be receiving at the time of my retirement."

The Director countered by a letter stating: "It was my understanding * * * that you would apply to the Newark Board of Health Pension Fund Association for those benefits due you as a consequence of your pension payments over the years."

The plaintiff never made application for pension to the Board of Health Pension Fund but on September 19, 1951, petitioned the board of commissioners for retirement under the provisions of *R. S.* 43:12–1. On October 3, the board adopted a resolution finding the plaintiff, "whom the Director of the said department in charge of the local health department has determined that by reason of advanced age is found unfit for the performance of the duties of his aforesaid employment," was entitled to be retired on pension as a member of the Board of Health Pension Fund Association and denied his petition for retirement under the provisions of *R. S.* 43:12–1.

Thereafter the Board of Health Pension Fund Association adopted a resolution granting a pension to the plaintiff and pursuant to this checks were sent to him for the amount of the pension as determined by the rules of the Association. The plaintiff refused to accept the checks and returned them. Meanwhile he brought this action to compel the defendant to pay him the pension provided for by *R. S.* 43:12–1.

The case was tried in the Superior Court, Law Division, and resulted in a judgment in favor of the plaintiff holding he had met the conditions imposed by the statute under which he elected to retire and that he would not be deprived of the benefits of the act "merely because he was a member of the pension fund provided by the 1913 act (*R. S.* 43:18–1)."

The defendant's appeal to the Appellate Division is certified here on our own motion.

The 1913 act referred to by the court below (*R. S.* 43:18–1 *et seq.*) is a statute which authorized departmental pension funds, including the Board of Health Pension Fund here in question. It provides for joint contributions by the employee

and the city during the period of employment and makes eligible for a pension those members who have paid all the dues and assessments required and have honorably served 25 years continuously and have attained the age of 55 years. Under this act, the amount of the pension is fixed at one-half the average salary received by the employee during the last two years of his employment.

*R. S.* 43 :12–1, first enacted in 1923, provides

"a person who has been continuously in the employ of any city for a period of twenty-five years and has reached the age of seventy years or who has been continuously in the employ of any city for a period of forty years and has reached the age of sixty years or who has been continuously or otherwise in the employ of any city for a period of twenty-five years and has reached the age of seventy-five years, may retire or be retired at any time thereafter. On or after retirement he shall be paid in semimonthly installments by the city one-half of the amount he was receiving as salary from the city at the time of his retirement."

■ The Board of Health Pension Fund was in existence when the plaintiff first entered into the employ of the City of Newark. He became a member and paid all the requisite dues and assessments up to the time of his retirement. The pension plan provided in *R. S.* 43 :12–1 *et seq.,* not having come into existence until eight years later, the action of the plaintiff in joining the Board of Health Pension Fund did not and could not constitute an election between two then existing alternative plans.

It is apparent from a comparison of the statutory provisions recited above that the plan under which the plaintiff elects to retire requires, as a condition prerequisite to his eligibility for a pension thereunder, that he shall have served for a longer time and attained a greater age than is necessary for retirement under the Board of Health Pension Fund.

Nowhere is it contended the plaintiff is entitled to both pensions, and he specifically negatives any such suggestion in his brief. What he does urge is that, having met the conditions imposed by the respective statutes for eligibility under

each of the pension plans, he may elect that which he deems the most beneficial to him. The stated reasons which impel his choice are immaterial to the present controversy. His asserted right to be reimbursed for the sums paid in by him to the Pension Fund Association is not before us and we do not pass on its merits.

The inquiry, therefore, is directed to the question whether the Legislature has evinced an intention to make eligibility under the 1913 act a bar to benefits under the later statute. No such intention is manifested in the wording of either statute. There is no presumption that when R. S. 43:12–1 et seq. was enacted in 1923 the Legislature was unaware of prior enactments bearing upon the same general subject matter. Nevertheless, in establishing the qualifications for persons who would be eligible to retire under the plan there established, it did not expressly or by inference exclude those who were or might in the future become eligible under the earlier statute. The court should not write in an additional qualification which the Legislature pointedly omitted in drafting its own enactment.

In *Judson v. Newark Board of Works,* 132 *N. J. L.* 106 (*Sup. Ct.* 1944), affirmed 133 *N. J. L.* 28 (*E. & A.* 1945), the plaintiff was a member of the Newark Board of Works Pension Association established pursuant to R. S. 43:19–1 et seq., which authorized the establishment of pension funds for street and water department employees similar to the fund established for employees of the health department under R. S. 43:18–1 et seq. After 26 years' employment by the city, he was retired on pension under the provisions of the 1923 statute. He then sought to obtain, in addition, the pension provided by the Board of Works Pension Association. It was held he was not entitled to the second pension, but it was not suggested that his membership in the pension association disqualified him for the retirement benefits he was receiving under the 1923 act. The court simply noted: "By accepting the benefits of one statute we think he waived the fruits of the other."

 Here the plaintiff's voluntary retirement was accepted by the city without qualification or reservation. It was only after he had applied for a pension under the 1923 statute that the city by resolution attempted to retire him under the 1913 statute on a finding he had become unfit for the performance of the duties of his employment by reason of advanced age.

He has fully met the statutory requirements of eligibility for retirement under the 1923 act, and since the Legislature has not seen fit to make membership in another pension fund a bar to eligibility under that act, the plaintiff has the right to elect, as he does, retirement under the provisions of *R. S.* 43:12–1 *et seq.*

The judgment of the court below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD and BURLING—5.

*For reversal*—None.