28 N.J. Super. 49 (1953)
100 A.2d 306
CITY OF NEWARK, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT,
v.
CHARLES V. CRASTER AND BOARD OF TRUSTEES OF THE NEWARK BOARD OF HEALTH PENSION FUND ASSOCIATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1953.
Decided October 26, 1953.
*51 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Joseph A. Ward argued the cause for the plaintiff-appellant (Mr. Horace S. Bellfatto, attorney).
Mr. Michael N. Chanalis argued the cause for the defendant-respondent Charles V. Craster (Messrs. Chanalis, Lynch & Maloney, attorneys).
Mr. John J. Clancy, attorney, argued the cause for the Newark Board of Health Pension Fund Association (Mr. Edward W. Connolly, on the brief).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The plaintiff, City of Newark (hereinafter referred to as "the city"), appeals from a summary judgment of dismissal of the Law Division, in an action seeking to compel the defendant, Dr. Charles V. Craster, to return certain contributions he had made to the Newark Board of Health Pension Fund Association and which had been refunded to him by the Pension Fund Association.
Dr. Craster was employed in the Health Department of the City of Newark from June 1, 1915 until August 15, 1951, when he resigned. During that period of time he paid into a pension fund of the Newark Board of Health Pension Fund Association, Inc., a New Jersey corporation (hereinafter referred to as "board of health pension fund"), the sum of $8,640.09. On February 15, 1951 Dr. Craster submitted, in writing, his resignation effective August 15, 1951, which was accepted by Director Moran of the Department of Public Affairs on February 16, 1951.
Thereafter, Dr. Craster applied to the plaintiff for pension benefits payable under R.S. 43:12-1 et seq. On refusal, the matter was litigated and resulted in a determination by the Supreme Court, that he was entitled to the payment of pension benefits under the aforementioned statute. (Craster v. Board of Commissioners, Newark, 9 N.J. 225 (1952)).
Under the provisions of R.S. 43:18-13, Dr. Craster applied *52 to and was paid by the Board of Health Pension Fund Association the total amount ($8,640.09) of his contributions, without interest.
On June 11, 1952 the board of commissioners of the City of Newark adopted a resolution requesting the board of health pension fund to rescind its action, direct the refund of the contributions and to secure the return thereof. On July 9, 1952 the municipality was advised of the board's refusal to comply. Whereupon, the city instituted an action in the Law Division to recover the moneys for the benefit of the Board of Health Pension Fund Association. All parties moved for summary judgment and, at the hearing of the motions, the defendants' motions were granted and the plaintiff's complaint was dismissed. It is from this action that the present appeal is taken.
Plaintiff contends that Dr. Craster retired and did not effect a resignation as provided for by R.S. 43:18-13; that by drawing a pension from the city under R.S. 43:12-1, Dr. Craster had not severed his employment relationship, in that he had not actually resigned, but was retired and, therefore, he was not within the contemplation of R.S. 43:18-13; that because of municipal contributions to the association pension plan it is a party in interest in the fund and may be heard in matters regarding its administration.
Our initial inquiry is as to the cessation of Dr. Craster's employment. We are satisfied that, under the proofs, it was effectuated by resignation. The language employed by Dr. Craster in his letter to the Director of Public Health makes it unequivocally clear that he resigned. We advert to his letter to Director Moran, wherein he said: "Herewith I am tendering my resignation as of August 15, 1951, and I would respectfully request that you approve it." In reply, dated February 16, 1951, Director Moran stated: "I am hereby accepting your resignation contained therein, as Health Officer of the Bureau of Health, Department of Public Affairs, effective August 15, 1951." There was no qualification or modification of the doctor's resignation, nor any indication that it was other than a complete surrender or vacation of *53 his former position with the municipal health department. In the case of Craster v. Board of Commissioners, Newark, supra, the Supreme Court stated, 9 N.J. at page 231: "Here the plaintiff's voluntary retirement was accepted by the city without qualification or reservation."
We direct our attention to the statutory provisions of chapter 18 of Title 43 and find there authority for the establishment and administration of pension funds for employees of municipal health departments. It is conceded that Dr. Craster became a member of that fund established for the Newark Health Department and paid all the requisite dues and assessments from the time of his employment until his resignation. R.S. 43:18-13 provides:
"On or after June fifth, one thousand nine hundred and thirty-six, if any person then a member, or thereafter or hereafter becoming a member of such pension corporation, having paid into such fund, shall die not having served five years as an employee or officer, or shall resign voluntarily or be dismissed from service or is transferred outside the jurisdiction of the fund, all dues paid by such person shall be refunded to him or her without interest." (Italics ours.)
It is readily apparent that Dr. Craster on or after June 5, 1936, being a member of the fund and having made the necessary payments into the fund and having resigned voluntarily, was eligible to demand the refund of all such dues theretofore paid by him.
That words of a statute which are clear and unambiguous on their face will be given the meaning they ordinarily impart, in the absence of an intended construction to the contrary, is of general recognition. Blackman v. Iles, 4 N.J. 82 (1950); Ford Motor Co. v. N.J. Dept. of Labor and Industry, 5 N.J. 494 (1950); Martin v. Mazziotti, 17 N.J. Super. 302 (Law Div. 1952); 20 N.J. Super. 503 (App. Div. 1952), reversed on other grounds 11 N.J. 287 (1953); Roselle v. Village of South Orange, 21 N.J. Super. 598 (App. Div. 1952). It having been determined by the Supreme Court in the prior Craster case, 9 N.J. 225, 230, that eligibility under one plan did not spell ineligibility under *54 another, we find that in the absence of other disqualifying features, Dr. Craster has satisfied the statutory prerequisites to the withdrawal of dues paid into the pension fund and was, therefore, entitled to their refund under the statute. R.S. 43:18-13.
In McFeely v. Pension Commission of City of Hoboken, 8 N.J. Super. 575, 577 (Law Div. 1950), it is stated that an employee's rights under a pension fund are those provided for by the pertinent statute, and that where it was intended to allow for the refund of contributions to the fund, the Legislature provided the requisite statutory authority therefor. Cf. Sganga v. Police and Firemen's Pension Fund Comm., 2 N.J. Super. 575 (Law Div. 1949). And where an entity is established to administer the fund it is governed by the statutes pertinent to that fund. Abrams v. Hogan, 4 N.J. Super. 463 (App. Div. 1949).
It is stated in Beronio v. Pension Commission of Hoboken, 130 N.J.L. 620, 625 (E. & A. 1943), that the creation and administration of a pension fund is governed by statute; that there is no element of discretion with respect to its execution and the policy or impolicy thereof is the exclusive function of the Legislature. Having found that Dr. Craster satisfied the statutory prerequisites to withdrawal of his contributions, the administrators of the fund were mandated to grant his application therefor. Fallon v. Mayor and Council of Hoboken, 137 N.J.L. 237 (Sup. Ct. 1948); McFeely v. Pension Commission of City of Hoboken, supra.
Although having no controlling influence over the case at bar, it is significant that since the decision in the original Craster case (9 N.J. 225), the Legislature has seen fit to amend R.S. 43:12-1 to provide that no one who is a member of another pension fund may be eligible for retirement under that general retirement statute. (L. 1952, c. 109, p. 449).
The judgment is affirmed.