NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1092-16T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

KEIRA R. BARBER,

 Defendant-Appellant.
______________________________

 Submitted September 6, 2017 – Decided September 21, 2017

 Before Judges Rothstadt and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Burlington County,
 Indictment No. 15-01-0007.

 Robin Kay Lord, attorney for appellant.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Carol M. Henderson,
 Assistant Attorney General, of counsel and on
 the brief).

PER CURIAM

 Defendant Keira R. Barber appeals her conviction following a

guilty plea for fourth-degree operating a motor vehicle during a

period of a license suspension, N.J.S.A. 2C:40-26(b). She contends
the court erred by denying her motion to dismiss the indictment.

We disagree and affirm.

 The evidence presented to the grand jury showed defendant

operated a motor vehicle and was stopped by the police, who issued

her motor vehicle summonses for talking on a cellphone while

operating a motor vehicle and driving while her license was

suspended. It was subsequently determined that defendant's

license was suspended as the result of a 2013 conviction for

refusal to submit to a chemical breath test, N.J.S.A. 39:4-50.2(a).

It was also discovered defendant had a 2010 conviction for driving

while intoxicated, N.J.S.A. 39:4-50.

 Defendant was indicted for fourth-degree operating a motor

vehicle during a period of a license suspension "for a second or

subsequent violation of" driving while intoxicated (DWI), N.J.S.A.

39:4-50, or refusal to submit to a chemical breath test (refusal),

N.J.S.A. 39:4-50.2(a). See N.J.S.A. 2C:40-26(b). She filed a

motion to dismiss the indictment claiming she did not violate

N.J.S.A. 2C:40-26(b) because it applied only where an individual

has two or more violations of either DWI or refusal, but not where

an individual has only one conviction for each. Defendant argued

the evidence did not establish that she violated N.J.S.A. 2C:40-

26(b) because she had only one conviction for DWI and one for

refusal.

 2 A-1092-16T4
 The court rejected defendant's interpretation of N.J.S.A.

2C:40-26(b). The court found the plain language of the statute

prohibited operation of a vehicle during a license suspension

imposed for a second or subsequent violation of either DWI or

refusal. The court determined defendant was properly charged in

the indictment with violating N.J.S.A. 2C:40-26(b) because the

evidence showed she had prior convictions for DWI and refusal, and

therefore was operating a motor vehicle during a suspension for a

second violation of DWI or refusal. The court entered an order

denying the motion to dismiss the indictment.

 Defendant subsequently entered a conditional plea of guilty

to N.J.S.A. 2C:40-26(b).1 The court imposed the mandatory 180-day

custodial sentence under N.J.S.A. 2C:40-26(b), but stayed the

sentence pending appeal. This appeal followed.

 Defendant presents a single argument on appeal:

 POINT ONE

 THIS COURT SHOULD REVERSE THE TRIAL COURT'S
 DENIAL OF DEFENDANT'S MOTION TO DISMISS THE
 INDICTMENT BECAUSE DEFENDANT DOES NOT HAVE TWO
 OR MORE PRIOR CONVICTIONS FOR DRIVING WHILE
 INTOXICATED OR FOR REFUSING TO SUBMIT TO A
 BREATH [TEST].

1
 The plea was conditioned on defendant's reservation of a right
to challenge the court's denial of her motion to dismiss the
indictment. R. 3:9-3(f).

 3 A-1092-16T4
 Defendant argues the court erred by denying her request to

dismiss the indictment because the court misinterpreted the

requirements of N.J.S.A. 2C:40-26(b). Thus, the sole issue before

us is whether the court's interpretation of the statute is

erroneous. The interpretation of a statute presents a legal

question, State v. Revie, 220 N.J. 126, 132 (2014), that we review

"de novo, unconstrained by deference to the decisions of the trial

court," State v. Grate, 220 N.J. 317, 329 (2015).

 Our primary purpose in construing a statute is to "discern

the meaning and intent of the Legislature." State v. Gandhi, 201

N.J. 161, 176 (2010). "There is no more persuasive evidence of

legislative intent than the words by which the Legislature

undertook to express its purpose; therefore, we first look to the

plain language of the statute." Perez v. Zagami, LLC, 218 N.J.

202, 209-10 (2016). "We ascribe to the statutory words their

ordinary meaning and significance, and read them in context with

related provisions so as to give sense to the legislation as a

whole." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citations

omitted). Where "the plain language leads to a clear and

unambiguous result, . . . our interpretive process is over."

Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J.

189, 195 (2007) (citation omitted). When the statutory language

"clearly reveals the meaning of the statute, the court's sole

 4 A-1092-16T4
function is to enforce the statute in accordance with those terms."

McCann v. Clerk of Jersey City, 167 N.J. 311, 320 (2001) (quoting

SASCO 1997 NJ, LLC v. Zudkewich, 166 N.J. 579, 586 (2001)).

 Alternatively, where "there is ambiguity in the statutory

language that leads to more than one plausible interpretation, we

may turn to extrinsic evidence, 'including legislative history,

committee reports, and contemporaneous construction.'"

DiProspero, supra, 183 N.J. at 492-93 (quoting Cherry Hill Manor

Assocs. v. Faugno, 182 N.J. 64, 75 (2004)). Extrinsic evidence

may also be considered "if a plain reading of the statute leads

to an absurd result or if the overall statutory scheme is at odds

with the plain language." Id. at 493.

 We begin our interpretation of N.J.S.A. 2C:40-26(b), as we

must, with the plain language of the statute:

 It shall be a crime of the fourth degree to
 operate a motor vehicle during the period of
 license suspension . . . if the actor's
 license was suspended or revoked for a second
 or subsequent violation of [DWI] or [refusal].
 A person convicted of an offense under this
 subsection shall be sentenced by the court to
 a term of imprisonment.

 By its express terms, N.J.S.A. 2C:40-26(b) prohibits the

operation of a motor vehicle during a period of license suspension

imposed "for a second or subsequent violation of [DWI] or

[refusal]." (emphasis added). The phrase "[DWI] or [refusal]"

 5 A-1092-16T4
modifies the term "second or subsequent violation," and is plainly

in the disjunctive. Thus, under the plain language of the statute,

where a defendant has a second violation for either DWI or refusal,

and operates a vehicle during a license suspension resulting from

the violation, the defendant commits a violation of N.J.S.A. 2C:40-

26(b). There is nothing in the plain language of the statute

supporting a different interpretation or result.

 Defendant's interpretation of the statute is founded on

language the Legislature did not to include in N.J.S.A. 2C:40-

26(b). Defendant imports into the statute the requirement that a

defendant operate a vehicle during a license suspension imposed

as the result of "a second or subsequent DWI conviction or a second

or subsequent conviction for refusal." However, this language is

not contained in the statute, and, as noted, the Legislature

instead chose to prohibit operation of a vehicle during a period

of suspension for a second or subsequent violation of either DWI

or refusal.

 We reject defendant's interpretation of N.J.S.A. 2C:40-26(b)

because it is not our function "to 'rewrite a plainly-written

enactment of the Legislature [] or presume that the Legislature

intended something other than that expressed by way of the plain

language.'" DiProspero, supra, 183 N.J. at 492 (quoting O'Connell

v. State, 171 N.J. 484, 488 (2002)). We also will not "'write in

 6 A-1092-16T4
an additional qualification which the Legislature pointedly

omitted in drafting its own enactment,' or 'engage in conjecture

or surmise which will circumvent the plain meaning of the act.'"

Ibid. (first quoting Craster v. Bd. of Comm'rs of Newark, 9 N.J.

225, 230 (1952); then quoting In re Closing of Jamesburg High

School, 83 N.J. 540, 548 (1980)).

 Although the plain language of N.J.S.A. 2C:40-26(b) requires

rejection of defendant's contentions, our interpretation of the

statute is consistent with its legislative history. "When N.J.S.A.

2C:40-26 was enacted in 2009, L. 2009, c. 333, § 1, the Senate

intended to lodge 'criminal penalties for persons whose [drivers']

licenses are suspended for certain drunk driving offenses and who,

while under suspension for those offenses, unlawfully operate a

motor vehicle.'" State v. Luzhak, 445 N.J. Super. 241, 245-46

(App. Div. 2016) (quoting Senate Law and Public Safety and

Veterans' Affairs Comm., Statement to S. 2939 (November 23, 2009));

see also Senate Law and Public Safety and Veterans' Affairs Comm.,

Statement to S. 2939 (June 15, 2009) (as introduced) (stating the

statute made it a fourth-degree crime for "a person who is

convicted of a second or subsequent driving while intoxicated or

refusal offense" to operate a motor vehicle during a period of

license suspension "for that second offense").

 In these pronouncements, there is no suggestion that a

 7 A-1092-16T4
defendant charged with violating N.J.S.A. 2C:40-26(b) must have

been driving while suspended for either a second or subsequent DWI

offense or a second or subsequent refusal offense. To the

contrary, the committee stated that a person operating a vehicle

while suspended for a second or subsequent of "certain drunk

driving offenses" – DWI or refusal – is guilty of the fourth-

degree crime. The plain language of the statute is consistent

with these statements of legislative intent.

 In sum, we are satisfied the court correctly denied

defendant's motion to dismiss the indictment. The evidence showed

that she operated a motor vehicle during a license suspension for

her refusal conviction, and that she also had a prior DWI

conviction. Therefore, the evidence was sufficient to support the

charge that she violated N.J.S.A. 2C:40-26(b) as alleged in the

indictment. See State v. Sasvedra, 222 N.J. 39, 57 (2015) (finding

an indictment will not be disturbed as long as the State presents

some evidence supporting each element of the crime charged).

 Affirmed. The stay of sentence is vacated. We do not retain

jurisdiction.

 8 A-1092-16T4