RECORDER'S COURT OF THE TOWN OF MONTCLAIR.

STATE OF NEW JERSEY, BY GEORGE C. NEILL, MOTOR VEHICLE INSPECTOR, PROSECUTOR, v. ALBERT WILLIAMS, DEFENDANT.

Decided September 3, 1943.

For the prosecutor, *David T. Wilentz,* Attorney-General (*Louis M. Mallin,* of counsel).

For the defendant, *Thomas Brunetto.*

WM. HUCK, JR., ACTING RECORDER. From the stipulated facts it appears that on June 15th, 1943, the defendant was charged in this court with having operated a motor vehicle on June 14th, 1943, without having a driver's license for the year 1943, in violation of *R. S.* 39:3–10; *N. J S. A.* 39:3–10. One June 15th, 1943, he pleaded guilty to said charge. Subsequently he was charged in this court with having operated a motor vehicle after his license had been revoked, in violation of *R. S.* 39:3–40; *N. J. S. A.* 39:3–40. Both offenses arose out of the same act of operating a motor vehicle. This latter charge is the one now under consideration.

The defendant appeared and entered a plea of *autrefois convict,* alleging that the present charge subjects him to double jeopardy in view of his prior conviction for an offense arising

out of the same act, and that he cannot lawfully be convicted on the present charge. He therefore moves to dismiss said charge and it is agreed that the disposition of the motion shall likewise constitute a disposition of the case.

The plea of double jeopardy has been generally held to apply only to criminal prosecutions. 16 *C. J.* 235, § 362; 22 *C. J. Secundum, Criminal Law*, §§ 238, 240, and cases there cited. It is of common law origin, but has received statutory recognition in the statutes of some states and by the Fifth Amendment to the Constitution of the United States.

The defendant cites *People* v. *Aldrich*, 191 *N. Y. Supp.* 899; *People* v. *Krank*, 110 *N. Y.* 488; 18 *N. E. Rep.* 242; *People* v. *Fitzgerald*, 101 *Misc.* 659; 168 *N. Y. Supp.* 930, in support of his contention. I have carefully examined these cases. They are of no value because, while they do sustain the plea of double jeopardy, they are all based on section 1938 of the *New York Penal Law*, which reads as follows:

"An act or omission which is made criminal and punishable in different ways by different provisions of law, may be punished by any one of such provisions, but not under any more than one, the acquittal or conviction under one being a bar to the prosecution of the same act or omission under any other provision."

There is no similar statute in New Jersey. The only New Jersey cases cited by the defendant, save one, are criminal cases involving indictments. It has frequently been held that our Motor Vehicle Laws are not criminal laws (*State* v. *Rodgers*, 91 *N. J. L.* 212; 102 *Atl. Rep.* 433; *Huff* v. *C. W. Goddard Coal Co.*, 106 *N. J. L.* 19; 148 *Atl. Rep.* 175), and, therefore, I do not think that the plea of double jeopardy will lie to a charge of violating such laws.

The only other New Jersey case cited by defendant is *State* v. *Kincaid*, 9 *N. J. Mis. R.* 1194; 157 *Atl. Rep.* 442. That case did involve the Motor Vehicle Law (*N. J. S. A.* 39:4–50) and the court did sustain the plea of double jeopardy. The question of the applicability of the plea of double jeopardy in a motor vehicle case does not seem to have been raised, at any rate it is not discussed in the opinion. I would feel constrained to follow that case, but do not deem it applies. There

the defendant was originally charged with having operated a motor vehicle while under the influence of intoxicating liquor on October 27th, 1930. The proof showed the offense was committed on October 26th, 1930. The charge was dismissed on defendant's motion. Subsequently a new complaint was made, charging the offense to have been committed on October 26th, 1930. The court held that the defendant could not again be prosecuted *"for the same offense."*

But in the case at bar, the second charge is not for the same *offense* as the first. True, it arises out of the same act, but the legislature has seen fit to provide for several offenses based on the same act, and this it has the power to do. In this connection, it is worth while to consider some decisions of the United States Supreme Court.

In *Gavieres* v. *United States,* 220 *U. S.* 338; 31 *S. Ct.* 421; 55 *L. Ed.* 489, the court said:

"It is true that the acts and words of the accused set forth in both charges are the same; but in the second case it was charged, as was essential to conviction, that the misbehavior in deed and words was addressed to a public official. In this view we are of opinion that while the transaction charged is the same in each case, the offenses are different. This was the view taken in *Morey* v. *Commission,* 108 *Mass.* 433, in which the Supreme Court of Massachusetts, speaking by Judge Gray, held:

" 'A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same *act,* but whether he has been put in jeopardy for the same *offense. A single act may be an offense against two statutes;* and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' "

*Morgan* v. *Devine,* 237 *U. S.* 632; 35 *S. Ct.* 712; 59 *L. Ed.* 1153, involved one charge of stealing from a post office and another of breaking and entry with intent to steal, both

based on the same event. The court, dismissing the plea of double jeopardy, said:

"It being within the competency of Congress to say what shall be offenses against the law, we think the purpose was manifest in these sections to create two offenses. Notwithstanding there is a difference in the adjudicated cases upon this subject, we think the better doctrine recognizes that, although the transaction may be in a sense continuous, the offenses are separate, and each complete in itself."

In the case at bar, while there was only one act, there were two offenses under the statute. Under the first charge (violation of R. S. 39:3–10; N. J. S. A. 39:3–10) all the state had to prove was that the defendant drove the car and at the time had no license. Under the second (violation of R. S. 39:3–40; N. J. S. A. 39:3–40) it had to prove another fact, viz., that the defendant's license had been revoked. The penalty for the first charge can be a fine of any amount up to $500, while the penalty for the second must be at least $100 and can be up to $500; clearly indicating that the legislature not only provided for two offenses, but deemed the offense of driving after a license had been revoked as the more serious.

I am, therefore, constrained to hold that even if the plea of double jeopardy would lie in a case under our Motor Vehicle Laws, which I do not think is so, there is no double jeopardy in this case. The legislature has the power to and did provide for two offenses which required different evidence to sustain them.

The motion to dismiss is denied and the defendant is found guilty of the charge of violating R. S. 39:3–40; N. J. S. A. 39:3–40, in that he did operate a motor vehicle on Willowdale Avenue, a public highway in the Town of Montclair, on June 14th, 1943, after his license to do so had been revoked. He is fined the sum of $100, in default of the payment of which he shall be imprisoned in the Essex County jail for a period of twenty days.