88 N.J. Super. 262 (1965)
212 A.2d 35
LOUIS C. LEHMANN, JR., PLAINTIFF-APPELLANT,
v.
MARY C. KANANE, SURROGATE OF UNION COUNTY, AND BOARD OF CHOSEN FREEHOLDERS OF UNION COUNTY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1965.
Decided July 1, 1965.
*263 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Walter A. Beers argued the cause for appellant.
Mr. Edward O. Bauer, County Attorney of the County of Union, argued the cause for respondents (Mr. H. Lee Sarokin, Assistant County Attorney, on the brief).
The opinion of the court was delivered by COLLESTER, J.A.D.
Plaintiff appeals from a summary judgment entered in the Superior Court, Law Division, in favor of defendants, denying plaintiff's claim of tenure as deputy surrogate of Union County under N.J.S.A. 40:38-25.1. The court's opinion is set forth at 84 N.J. Super. 117 (Law Div. 1964).
The facts are not in dispute. From March 1944 until August 1951 plaintiff was employed in the office of the surrogate of Union County as confidential secretary-special deputy surrogate. He was then appointed deputy surrogate and served in that office until January 1, 1959, when a newly elected surrogate appointed another person as deputy. Lehmann resumed his former position of confidential secretary-special deputy surrogate. On November 5, 1963 Surrogate *264 Eugene J. Kirk was defeated when he sought re-election. On the following day he appointed plaintiff as deputy surrogate, effective November 7, 1963. Notice of the appointment was given to defendant board of freeholders and a bond in the amount of $15,000 was entered into, as required by N.J.S. 2A:5-11. The oaths of office required by N.J.S.A. 41:1-3 and 41:2A-6 were administered to plaintiff by Kirk before his term expired. On November 18, 1963 defendant Mary C. Kanane assumed the office of surrogate. She immediately notified plaintiff that his appointment as deputy surrogate was terminated because she considered such appointment to have been invalid and ineffective. Thereafter she refused to include plaintiff in the payroll as deputy surrogate. The board of freeholders likewise refused to process papers relating to plaintiff's appointment or to include him on the payroll as deputy surrogate.
Plaintiff brought an action in lieu of prerogative writs in the Superior Court demanding judgment declaring him to be deputy surrogate, contending that he held tenure of office under N.J.S.A. 40:38-25.1. Defendants answered denying plaintiff's claim, and both sides then moved for summary judgment. The trial court entered judgment in favor of defendants, holding that plaintiff did not meet the age and period of service requirements for tenure as deputy surrogate under the statute.
The primary issue in this case is the construction of N.J.S.A. 40:38-25.1, which provides for tenure of deputy county clerks and deputy surrogates in counties of the second class. The statute is as follows:
"Any deputy county clerk or deputy surrogate in any county of the second class who has attained the age of fifty-one years, and who has been continuously in the employ of the office of county clerk or surrogate for a period of at least sixteen years, shall enjoy tenure of office, and shall not be removed therefrom except after due hearing, upon notice, for just and sufficient cause."
When plaintiff was appointed deputy surrogate, effective as of November 7, 1963, he was 63 years of age. He had been in *265 the employ of the surrogate's office since March 1944, a period exceeding the 16 years referred to in the statute.
The trial court in its interpretation of the statute stated,
"The statute under consideration (N.J.S.A. 40:35-25-1) does not provide that a person who has reached the age of 51 years and who has served in the office of the surrogate for at least 16 years shall acquire tenure upon his appointment as deputy surrogate. The statute does provide, however, that any deputy surrogate who has reached the age of 51 years and who has served in the office of the surrogate for at least 16 years shall acquire tenure. This wording would seem to evince a legislative intent that a person must hold the office or position of deputy surrogate when he has reached the age of 51 years and at the time he has reached the period of service of at least 16 years in the office of the surrogate. Thus the age and years requirement for tenure must be met at a time when the appointee occupies the position of deputy surrogate." (84 N.J. Super. 117, at p. 126)
Plaintiff contends that the trial judge erred because he read into the statute an intention or condition not expressed by the Legislature, namely, that tenure attaches only when a deputy surrogate becomes 51 years of age while in office and has the 16 years of continuous service in the employ of the surrogate. He argues that the statute does not impose such conditions; that it provides tenure for a deputy surrogate who has attained the age of 51 and has the 16 years of required service, and that it is not limited to one so qualified who attains that age while a deputy.
Very likely N.J.S.A. 40:38-25.1 was enacted for the benefit of particular individuals, but it is couched in general terms and we must construe it as written and not according to some unexpressed intention. Hoffman v. Hock, 8 N.J. 397, 409 (1952); Dacunzo v. Edgye, 19 N.J. 443, 451 (1955). Furthermore, in the absence of a special meaning, the words of a statute are to be given their ordinary and well understood meaning. Ford Motor Co. v. N.J. Dept. of Labor and Industry, 5 N.J. 494, 503 (1950).
We do not agree with the trial court's interpretation of the statute. Were we to adopt the same, even an employee with 16 years' continuous service as deputy surrogate, who *266 was 52 years of age when appointed as a deputy, would not acquire tenure. We do not believe that such was the intention of the Legislature.
Nor do we find language in the statute indicating that the 16-year period must be served as a deputy surrogate. If that was what the Legislature desired, it easily could have said so. For example, the statute could have said, "who has held that office continuously for a period of at least 16 years," or "who has been continuously in that office for a period of 16 years." Instead, it says "continuously in the employ of the office of the county clerk or surrogate," without specifying the type of employment. It seems to us that the Legislature intended to benefit career employees, including those who came up from the ranks, who had devoted a substantial part of their lives to the service of such office. We therefore conclude that when plaintiff, aged 63 years and having more than 19 years of continuous service in the surrogate's office, was appointed as deputy surrogate on November 7, 1963, he acquired the protection of tenure of office granted by the statute and could not be removed therefrom except after due hearing, upon notice, for just and sufficient cause.
Defendants argue that plaintiff's appointment as deputy surrogate was revoked and terminated before he qualified for the office. They allege that (1) the oath of office was administered to plaintiff by the surrogate and not by a County Court judge, as required by N.J.S.A. 41:2A-3, and (2) plaintiff failed to furnish the bond required under N.J.S. 2A:5-11. The same issues were raised before the trial court and decided adversely to defendants. 84 N.J. Super., at pp. 121-124. We have reviewed the record and are in full agreement with the conclusions of the trial judge as to those points.
For the reasons hereinbefore set forth the judgment is set aside and the case is remanded to the Law Division for further proceedings not inconsistent with this opinion.