151 N.J. Super. 451 (1977)
376 A.2d 1333
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS C. MAGNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 1977.
Decided July 13, 1977.
*452 Before Judges FRITZ, ARD and PRESSLER.
Mr. Laurence M. McHeffey argued the cause for appellant (Messrs. Hanlon & McHeffey, attorneys).
Mr. Martin J. McGreevy, Assistant County Prosecutor, argued the cause for respondent (Mr. James M. Coleman, Jr., Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by FRITZ, P.J.A.D.
Appellant was convicted for driving while impaired. N.J.S.A. 39:4-50(b). Neither operation *453 of the vehicle nor his then impaired condition is here contested. The sole issue raised for our consideration springs from the finding below, reasonably reached on sufficient credible evidence in the whole record (State v. Johnson, 42 N.J. 146 (1964)), that operation of the vehicle was in a nonpublic area, a private beach club parking lot from which the public was excluded at the time.[1] The question thus raised has not yet been answered by the appellate courts of this State: did the Legislature intend to classify as a violation of N.J.S.A. 39:4-50 drunken or impaired driving on private lands. The trial judge answered this inquiry in the affirmative and we agree.
Significant in our determination is the fact that when drunken driving was statutorily proscribed by L. 1913, c. 67, as an amendment to the Disorderly Persons Act, the statute expressly provided that the interdiction applied to operation "over any public street or highway." This act was repealed by L. 1921, c. 184, § 1(14). In its place the Legislature, in a comprehensive Motor Vehicle Act, outlawed the "operat[ion of] a motor vehicle while under the influence of intoxicating liquor" without regard for or reference to any place. The failure to include language limiting the offense to public streets and highways persuades us that it was the intention of the Legislature to deal with drunken operation of a motor vehicle, irrespective of where it took place, for ordinarily a change in legislative language signifies a purposeful alteration in the substance of the law. William H. Goldberg & Co. v. Div. of Employment Secur., 21 N.J. 107, 112-113 (1956); Stauhs v. Bd. of Review, 93 N.J. Super. 451, 456-457 (App. Div. 1967).
Although many amendments have appeared since 1921, none has undertaken to restore to the offense the phrase respecting *454 public ways. Nor is it without some import that during those years we have recognized for the Legislature to see, in the context of the hit-and-run statute which also has no limitation as to place, the general rule that if a motor vehicle statute makes no references to offenses occurring on a public highway, it is usually held that the statute applies generally throughout the State. State v. Valeriani, 101 N.J. Super. 396 (App. Div. 1968).
We are aware of State v. Gillespie, 100 N.J. Super. 71 (App. Div. 1968), certif. den. 51 N.J. 274 (1968), and State v. Sisti, 62 N.J. Super. 84 (App. Div. 1960). We also recognize that those cases are distinguishable in that while the operation occurred in private places, the public had access to the area. But nothing we said in those cases, in which we did not need to meet the issue which confronts us here, is inconsistent with that which we hold today. Operation of a motor vehicle while under the influence of intoxicating liquor holds no less threat of extraordinary danger of injury to the driver and others[2] or damage to property because that particular folly is performed in a private place than it would were it to occur in a quasi-public or public place. See State v. DiCarlo, 67 N.J. 321, 325 (1975), and State v. Gillespie, supra, 100 N.J. Super. at 75. It was considerations such as these which influenced the court in Valentine v. Brunswick Cty., 202 Va. 696, 119 S.E.2d 486 (Sup. Ct. App. 1961); State v. Harold, 74 Ariz. 210, 246 P.2d 178 (Sup. Ct. 1952), and State v. Carroll, 225 Minn. 384, 31 N.W.2d 44 (Sup. Ct. 1948), to the result we also reach here. As is said in People v. Guynn, 33 Ill. App.3d 736, 338 N.E.2d 239, 241 (App. Ct. 1975), "the dangerous menace posed by the intoxicated driver is not ameliorated by the nature of the property on which he is driving * * *."
Affirmed.
NOTES
[1] Defendant did not testify and the record does not reveal how he gained access to this lot. It was in fact his erratic driving in a lot described by the arresting policeman as a parking lot "sealed off" with chains across its entrance that caused the policeman to investigate.
[2] Appellant had with him a passenger in the vehicle he was operating.