157 N.J. Super. 525 (1978)
385 A.2d 264
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JON R. McCOLLEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 7, 1978.
Decided March 28, 1978.
*526 Before Judges LORA, SEIDMAN and MILMED.
*527 Messrs. Mohr and Mintz, attorneys for appellant (Mr. J. Gary Mohr on the brief).
Mr. C. Judson Hamlin, Middlesex County Prosecutor, attorney for respondent (Mr. Raymond F. Storch, Jr., Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant Jon R. McColley appeals his convictions for driving while impaired, in violation of N.J.S.A. 39:4-50(b), and driving while on the revoked list, in violation of N.J.S.A. 39:3-40.
The record shows that on October 31, 1976 at 1:21 A.M. defendant was seen driving a car in a parking lot by two Woodbridge Township police officers who had earlier seen McColley in an intoxicated and disorderly condition in a nearby store.
The parking lot, which is owned by a moving company in which defendant is a principal, is behind the company's business offices and is used primarily to park the company's trucks. Defendant's residence is also located on the lot.
Although there is no fence around the property, a sign stating "No Parking, Private Property" is posted principally to keep nearby beauty parlor customers off the property. There is access from the lot directly onto one street and through a driveway onto a second street. Access to the driveway entrance is blocked during the day but not at night. At the time defendant was apprehended by the police he was moving a friend's car that was parked in the wrong section of the property to another part of the lot. It is uncontested that defendant was not attempting to leave the property and that he was on the revoked list on that date.
Defendant appeals both convictions, contending that N.J.S.A. 39:4-50(b) and N.J.S.A. 39:3-40 do not apply to private property not devoted to public use.
N.J.S.A. 39:4-50(b) provides in pertinent part:
A person who operates a motor vehicle while his ability to operate such motor vehicle is impaired by the consumption of alcohol shall *528 be subject, for a first offense, to a fine of not less than $50.00 nor more than $100.00 and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of 6 months from the date of his conviction.
In earlier cases we held that the drunk or impaired driving statute applied to the operation of vehicles on private property to which the public had access. State v. Gillespie, 100 N.J. Super. 71 (App. Div. 1968), certif. den. 51 N.J. 274 (1968); State v. Sisti, 62 N.J. Super. 84 (App. Div. 1960). But we broadened this holding in State v. Magner, 151 N.J. Super. 451, 453 (App. Div. 1977), to include the drunken or impaired operation of a vehicle irrespective of where it took place, stating that "[t]he failure to include language limiting the offense to public streets and highways persuades us that it was the intention of the Legislature to deal with drunken operation of a motor vehicle, irrespective of where it took place." We further reasoned that the nature of the property on which the driving occurred is irrelevant since there is "no less threat of extraordinary danger of injury to the driver and others or damage to property because that particular folly is performed in a private place than it would were it to occur in a quasi-public or public place." Id. at 454. Accordingly, we affirm defendant's conviction for violation of N.J.S.A. 39:4-50(b).
Defendant challenges his conviction for driving while on the revoked list in violation of N.J.S.A. 39:3-40 on the ground that N.J.S.A. 39:3-10, which provides in part that "(n)o person shall drive a motor vehicle on a public highway in this State unless licensed to do so in accordance with this article," must be read in pari materia with N.J.S.A. 39:3-40 so as to imply a requirement that a person may only be convicted for driving while on the revoked list if he or she drives on a public highway.
N.J.S.A. 39:3-40 provides in pertinent part:
No person to whom a driver's license has been refused or whose driver's license or reciprocity privilege has been suspended or revoked, or who has been prohibited from obtaining a driver's license, *529 shall personally operate a motor vehicle during the period of refusal, suspension, revocation, or prohibition.
No person whose motor vehicle registration has been revoked shall operate or permit the operation of such motor vehicle during the period of such revocation.
In State v. O'Grady, 19 N.J. Misc. 559, 21 A.2d 864 (Cty. Ct. 1941), the court rejected a contention similar to that here advanced by defendant McColley. In O'Grady defendant likewise argued that the same provision in N.J.S.A. 39:3-10 required that N.J.S.A. 39:4-50(b) be read to prohibit only driving while impaired on a public highway, and that N.J.S.A. 39:4-50 did not apply to private property. The following reasoning in that case is equally applicable in the instant case:
* * * It is true that by virtue of R.S. 39:3-10; N.J.S.A. 39:3-10, no person is permitted to drive a motor vehicle on a public highway unless licensed to do so in accordance with the provisions of said article. But, before obtaining such license, it is equally true that any person exhibiting the proper qualifications had a right to operate a motor vehicle over the highways of this State by complying with the provisions of said article. It is this right and not the license which is forfeited by virtue of the legislation in question. This must be quite clear, because for a first offense the forfeiture was for a period of two years from the date of conviction, whereas, the license is only in force for one year, and for a subsequent violation the forfeiture is perpetual. So that a person operating a motor vehicle in a private place, which he may do without obtaining a license therefor, upon being convicted of violating section 4-50, nevertheless, forfeits his right to obtain a license to drive a motor vehicle in a public place, for the period set forth in the statute and therefore his right to so operate an automobile. [19 N.J. Misc. at 563]
It follows, then, that a person may operate a motor vehicle on private property or in a private place when no license has been issued but not when a license has been revoked or suspended.
Similarly, in State v. Handy, 74 N.J. Super. 294 (Cty. Ct. 1962), it was held that the defendant was properly convicted of violations of both N.J.S.A. 39:3-10 and N.J.S.A. 39:3-40 where he was driving at a time his license *530 was revoked and he had not taken the steps necessary to restore his driving privileges. The court explained:
Reflection will also reveal that a violation of each statutory section is a different affront to or disturbance of the general welfare and safety of the community. In violating N.J.S.A. 39:3-10 the offender signifies his possible inaptitude to drive a motor vehicle, and circumvents the licensing authority, regulations, and fees of this State. However, in violating N.J.S.A. 39:3-40 the offender asserts his defiance of public sanctions imposed for community safety before his fitness to drive again has been determined by the Director of Motor Vehicles pursuant to R.S. 39:5-32, 39:5-33 and 39:5-35. [at 299]
See also, State v. Williams, 21 N.J. Misc. 329, 332, 34 A. 2d 141 (Recorder's Ct. 1943). We are in accord with the reasoning of these cases.
It is obvious, then, that the two statutes have different purposes and that the restriction in N.J.S.A. 39: 3-10 that the offense be committed on a public highway in no way affects N.J.S.A. 39:3-40, which contains no reference to the offense occurring on a public highway. As stated in State v. Magner, supra, 151 N.J. Super. at 454, "the general rule [is] that if a motor vehicle statute makes no references to offenses occurring on a public highway, it is usually held that the statute applie(s) generally throughout the State." See also, State v. Valeriani, 101 N.J. Super. 396, 401 (App. Div. 1968).
On the violation of N.J.S.A. 39:4-50(b), the County Court suspended defendant's driver's license for one year, sentenced him to 60 days in the county workhouse, suspended on condition defendant attend and complete an alcohol rehabilitation program and pay a fine of $500 plus costs. On the violation of N.J.S.A. 39:3-40, defendant was ordered to pay a $200. fine plus costs. Defendant contends that "since this matter is being decided under the new N.J.S. 39:4-50 it is believed that any suspension * * * should not have a period of suspension of longer that [sic] six months since this would be the defendant's first conviction under the new law."
*531 The transcript of the sentencing proceedings of June 10, 1977 shows that defendant opted to be and was sentenced under the new act. We are of the view that he was properly sentenced thereunder as a second or subsequent offender in light of the language of § 6 of the act (L. 1977, c. 29) which involves prior offenders and which provides for two kinds of relief for persons convicted of an alcohol-related offense prior to the effective date of the act. Cf. State v. Duswalt, 153 N.J. Super. 399, 405 (App. Div. 1977); State v. Culbertson, 156 N.J. Super. 167 (App. Div. 1978), and see Report of the New Jersey Motor Vehicle Study Commission (1975), at 164, where reference is made to a "grandfather clause" and wherein, referring to the approximately 20,000 individuals under license suspension for periods of at least six months up to ten years, six months, on the effective date of a new statute, the Commission stated: "Fairness requires that they be accorded some relief that would place them in a similar position with respect to the law, and those who are convicted under the modified statute." (Page 151). See also Statement attached to Senate Bill 1423 dated September 27, 1976.
Defendant's convictions and the sentences imposed for violating N.J.S.A. 39:3-40 and N.J.S.A. 39:4-50(b) are affirmed.