INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORK-
ERS, LOCAL #1470, PLAINTIFF, v. JOHN P. GIL-
LEN, SHERIFF OF HUDSON COUNTY, AND WESTERN
ELECTRIC COMPANY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided May 14, 1979.

144

*Mr. Alfred E. Fontanella* for plaintiff (*Messrs. Fontanella, Shashaty, Leonard & Harris,* attorneys).

*Mr. Archie Usdin* and *Mr. Arthur G. Williamson,* Assistant Hudson County Counsel, for defendant Gillen (*Mr. Harold Krieger,* Hudson County Counsel, attorney).

No appearance on the motion for defendant Western Electric (*Messrs. Pitney, Hardin & Kipp,* attorneys).

*Mr. John G. Thevos,* Special Assistant Passaic County Counsel, for Sheriff of Passaic County, *amicus curiae* (*Mr. Martin Verp,* Passaic County Counsel, attorney).

KENTZ, J. S. C. Plaintiff International Brotherhood of Electrical Workers, Local #1470 (local), and defendant John P. Gillen, Sheriff of Hudson County (sheriff), have each moved for summary judgment in this action concerning the amount of the fee due to the sheriff under the following uncontroverted factual setting.

In May 1978 a judgment was entered against the local in the Superior Court, Law Division, Hudson County, in the sum of $277,500 plus interest and costs. During the pendency of the local's appeal of that judgment, the parties settled the matter and the judgment creditor, one Josephine Bennett

Lambert, executed a release of the judgment in consideration for the sum of $165,000.

However, prior to the settlement an execution had issued on the judgment and the sheriff had levied upon some $22,500 held by defendant Western Electric Company (Western) on the local's behalf. From the affidavit of Special Deputy Sheriff Frank Cardoza, it appears that the levy was effected by Cardoza's driving to Western's plant and serving the writ of execution on a representative of Western. It was conceded at oral argument that the sheriff never obtained possession of the money upon which the levy was made; the money remained in Western's possession until this action was begun.

After being notified of the settlement the sheriff claimed that *N. J. S. A.* 22A:4–8 entitles him to a commission of $2,070 and refused to lift the levy until that commission was paid. The local then instituted this action seeking a judgment compelling the sheriff to lift the levy and a declaratory judgment as to the sheriff's entitlement to fees. By consent of the parties the levy was ordered lifted and the sum of $2,300 was deposited with the Clerk of the Superior Court to await the outcome of this litigation.

The sheriff's claim to $2,070 in commissions is based on that part of *N. J. S. A.* 22A:4–8 which follows the heading "Execution Sales." In particular, he relies on the following paragraph

When the execution is settled without actual sale and such settlement is made manifest to the officer, the officer shall receive ½ of the amount of percentage allowed herein in case of sale.

The sheriff urges that *N. J. S. A.* 22A:4–8 must be read *in pari materia* with *N. J. S. A.* 2A:17–15, which provides that "[m]oney belonging to a defendant in execution may be levied on and returned by virtue of an execution as so much money collected, without exposing the same to sale." According to the sheriff's analysis, an *in pari materia* reading of these two provisions leads to the conclusion that the sheriff is entitled to 2% of the first $1,000 of the settlement plus

1¼% of any amount in excess of $1,000 where an execution on cash is settled by the parties.

The local contends that a reading of the above-quoted statutes leads to the conclusion that the sheriff is not entitled to any percentage commissions on this transaction. It argues that the "execution sales" portion of *N. J. S. A.* 22A:4-8 clearly applies only when the goods which are the subject of the execution are subject to sale. Since cash is not subject to execution sale on account of *N. J. S. A.* 2A:17-15, *supra,* the local urges that the commission provision does not apply.

The allowance of a percentage commission in cases where an execution is settled "is made for the trouble, care, and risk of the officer in discovering and levying upon the property of the defendant, and its safe keeping for the purpose of a sale and the securing the payment of the amount due," *Sturges v. Lackawanna & Western R. Co.,* 27 *N. J. L.* 424, 425-426 (Sup. Ct. 1859) ; see *Daly v. Ely,* 53 *N. J. Eq.* 270, 274 (Ch. 1895) ; *Morris Plan Co. v. Ashdown,* 15 *N. J. Misc.* 185 (D. Ct. 1937). The fact that *N. J. S. A.* 2A:17-15 and common sense obviate the need for a sale of cash does not negate the fact that the sheriff is entitled to compensation for his efforts in levying upon cash. The sheriff, "[h]aving taken the necessary measures to levy upon and secure the property, it would be unjust to deprive him of all compensation," *Sturges v. Lackawanna & Western R. Co., supra,* 27 *N. J. L.* at 426.

It would similarly be unjust to deprive the sheriff of compensation because he did not actually take the cash into his possession. The fact that the money remained in Western's possession does not lessen the efficacy of the execution in terms of securing payment of the amount due to Lambert from the local, nor does it indicate that the sheriff's efforts in locating and levying on the cash differed in any meaningful manner from the efforts he would have expended in levying on other types of assets.

Adoption of the local's position would result in two anomalous situations. The first is that the sheriff would not receive any commissions in connection with an execution on cash under *N. J. S. A.* 22A:4–8, while the constables and sergeants-at-arms of the county district courts would receive commissions on cash executions under *N. J. S. A.* 22A:2–38.

The second anomaly which would result from the local's position is that the sheriff would be entitled to commissions in instances where he levies upon personalty other than cash, regardless of whether that execution was settled, but would receive no commission if he executes on cash. The local argues that the Legislature intended not to provide for commissions on cash executions in enacting the statute in question. However, I once again refer to *N. J. S. A.* 22A:2–38 to resolve this question as to the interpretation of *N. J. S. A.* 22A:4–8. The two statutes, both enacted as part of *L.* 1953, *c.* 22, and relating to the same subject matter should be read *in pari materia*. See *State v. DiCarlo*, 67 *N. J.* 321, 325 (1975); *Labor Dept. v. Cruz*, 45 *N. J.* 372, 377 (1965); *Disposmatic Corp. v. Kearny*, 162 *N. J. Super.* 489, 493–494 (Ch. Div. 1978). Such a reading negates the local's contention that the Legislature intended to distinguish between executions on cash and executions on other personalty which would have to be converted to cash by means of a sale. A reading of *N. J. S. A.* 22A:2–38 clearly demonstrates that the Legislature intended to make no such blanket distinction between cash and non-cash executions.

█ In light of the foregoing analysis I conclude that *N. J. S. A.* 2A:17–15 does not operate to deprive the sheriff of the commissions provided in *N. J. S. A.* 22A:4–8 merely by making cash subject to execution without sale. The legislative intent in providing for commissions would be carried out by the allowance of such commissions on an execution on money, and no apparent purpose would be served by denying such commissions. Accordingly, the sheriff is entitled to commissions at the settlement percentage in connection with the execution in question.

■ There remains the issue of whether the commissions should be calculated with reference to the $22,500 actually levied upon, as the local contends, or upon the entire $165,000 settlement figure, as urged by the sheriff. The court in *Sturges v. Lackawanna R. Co., supra,* 27 *N. J. L.* at 427, in addressing the same issue, held that "[t]he sheriffs may lawfully claim the percentage on the value of the goods by them respectively levied upon." While it would be unjust to deprive the sheriff of any commission, it would be equally unjust to allow him a commission on an amount far in excess of what he actually levied upon. The commission to be paid to the sheriff in connection with the execution in question shall therefore be calculated only on the $22,500 levy and not on the $165,000 settlement.

Upon the signing of an appropriate form of judgment, the clerk will be directed to pay to the sheriff the fees to which he is entitled in accordance with this opinion. The balance of the $2,300 currently held by the clerk will be paid to the local.