174 N.J. Super. 326 (1980)
416 A.2d 446
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 1470, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
JOHN P. GILLEN, SHERIFF OF HUDSON COUNTY AND WESTERN ELECTRIC COMPANY, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1980.
Decided June 9, 1980.
*328 Before Judges LORA, ANTELL and PRESSLER.
Kathleen M. Grant argued the cause for defendant-appellant and cross-respondent Sheriff of Hudson County (Harold Krieger, attorney; Archie Usdin on the brief).
James M. Shashaty argued the cause for plaintiff-respondent and cross-appellant (Fontanella, Shashaty, Leonard & Harris, attorneys; Alfred E. Fontanella, of counsel and on the brief).
The opinion of the court was delivered by ANTELL, J.A.D.
Plaintiff sued to compel the Sheriff of Hudson County to lift his levy of execution on monies owing to plaintiff. The writ of execution had been issued upon a money judgment entered in a previous action against plaintiff which was settled after the levy, and the sheriff refused to lift his levy until he was paid the commission he contends is due for serving the writ. Plaintiff responded that the sheriff is entitled to a commission only in connection with execution sales of property, and not for levying upon cash. The background facts are related in the formal written opinion of the Chancery Division judge published at 168 N.J. Super. 143 (1979) holding that the sheriff was entitled to a commission.
The right of a sheriff to compensation for his services is derived from statute and must be strictly construed. 70 Am. Jur.2d, Sheriffs, Police and Constables, § 36; see Martin G. Imbach, Inc. v. Deegan, 208 Md. 115, 117 A.2d 864, 868 (Ct.App. 1955); Personeni v. Aquino, 6 N.Y.2d 35, 187 N.Y.S.2d 764, 159 N.E.2d 559, 560 (Ct.App. 1959). The statutory language relied on by the sheriff herein is the following in N.J.S.A. 22A:4-8:
When a sale is made by virtue of an execution the sheriff shall be entitled to charge the following fees: On all sums not exceeding $1,000.00, 4%; on all sums exceeding $1,000.00 on such excess, 2 1/2%; the minimum fee to be charged for a sale by virtue of an execution, $6.00.
When the execution is settled without actual sale and such settlement is made manifest to the officer, the officer shall receive 1/2 of the amount of percentage allowed herein in case of sale.
*329 Recognizing that the foregoing pertains only to services rendered in connection with execution sales, and since cash cannot be the subject of sale, N.J.S.A. 2A:17-15, the sheriff contends, as the Chancery Division held, that he should also have the benefit of other legislation which is in pari materia. In particular, it is argued that N.J.S.A. 22A:2-38, which specifically allows fees to constables and sergeants at arms for executions on cash, should be extended to such executions performed by sheriffs as well. Underlying the judgment before us is the rationale that since the sheriff's "trouble, care, and risk" is no less than the constable's in levying upon cash it would be unjust to deprive him of compensation for his efforts.
The difficulty with the argument propounded is that the Legislature has clearly and deliberately chosen to enact one program of commissions for sheriffs and a distinctly different one for constables and sergeants at arms. We are required to enforce the legislative intent as written, "`and not according to some supposed unexpressed intention.'". Hoffman v. Hock, 8 N.J. 397, 409 (1952); Lehmann v. Kanane, 88 N.J. Super. 262, 265 (App.Div. 1965), certif. den. 45 N.J. 591 (1965). Even "where the path is not clear, then the courts should refrain from usurping the legislative function." Property Owners Ass'n of N. Bergen v. North Bergen Tp., 74 N.J. 327, 338 (1977).
It is far better to wait for necessary corrections by those authorized to make them, or, in fact, for them to remain unmade, however desirable they may be, than for judicial tribunals to transcend the just limits of their constitutional powers. [Railroad Comm'n v. Grand Trunk Western R. Co., 179 Ind. 255, 100 N.E. 852, 855 (Sup.Ct. 1913)]
And see 2A Sutherland, Statutory Construction (4 ed. 1973), § 47.38 at 173.
The rule that statutes in pari materia are to be construed together is one which may be helpful in resolving doubts and uncertainties and in ascertaining the legislative intent. State v. Green, 62 N.J. 547, 554-555 (1973). But it is merely an aid to the interpretation of doubtful or ambiguous statutes, and where, as here, "an act is plain and unambiguous in its terms, the rule is fundamental that there is no room for judicial construction, since the language employed is presumed to evince *330 the legislative intent." In re Passaic, 94 N.J.L. 384, 386 (Sup.Ct. 1920); 2A Sutherland, supra, § 51.01 at 287. The doctrine is not invoked to engraft the terms of one statute onto another merely because the general subject matters of the two enactments are similar. State v. DiCarlo, 67 N.J. 321, 325 (1975).
Smith v. Hazlet Tp., 63 N.J. 523 (1973), is instructive. That suit was brought by the Chief of Police of Hazlet Township to invalidate certain municipal resolutions which he claimed infringed his statutory prerogatives. Rejecting his argument, however, the Supreme Court pointed out that the enactment claimed by him to be the source of his claimed powers dealt only with police departments in cities; that the administrative structure governing police departments in townships is defined by a different statute, and then stated that a "statute respecting police departments in cities cannot be extended to affect police departments in townships." Id. at 527.
In justifying his in pari materia reading of N.J.S.A. 22A:2-38 and N.J.S.A. 22A:4-8 the Chancery Division judge noted (168 N.J. Super. at 147) that both statutes were simultaneously enacted as part of L. 1953, c. 22. But as the court observed in Smith, supra, where the two statutes were also simultaneously passed, this circumstance suggests a result opposite to that reached here. It elaborated in the following language:
... Where two comprehensive statutes are enacted by the same legislative body in the same year, one dealing with a certain class of cities and the other dealing with townships, and where the former designates the office of chief of police and accords the holder of the office some measure of statutory authority, while on the same subject the latter is silent, the inference is permissible that the distinction is a purposeful one. [63 N.J. at 527]
While N.J.S.A. 22A:4-8 and N.J.S.A. 22A:2-38 deal with the common subject of fees and costs payable for execution services, the similarity ends there. The former deals with sheriffs and the latter with constables. The sheriff is a constitutional officer, N.J.Const. (1947) Art. VII, § II, par. 2, whose fees are collected "for the sole use of the county," N.J.S.A. 22A:4-17. The expenses of his office, including his salary and those of his deputies and other employees, are paid by the county. N.J.S.A. 40A:9-104, -105, 117. Sergeants at arms and constables, on the *331 other hand, receive their appointments respectively from judges of the county district courts and from the various municipal governing bodies. N.J.S.A. 2A:6-25, N.J.S.A. 40A:9-120 to 127. Unlike sheriffs, they retain the fees they receive as compensation. Harriatt v. Lillo, 452 F. Supp. 421, 424 (D.N.J. 1978). They receive salaries only for services rendered within the Superior Court and the county district courts. N.J.S.A. 2A:11-19 to 27, 40 to 47.
The forgoing dissimilarities between those offices leaves little doubt as to the Legislature's intention to provide separate fee schedules for each which are appropriate to the circumstances of the particular office. That the statutory language was deliberately chosen is seen from the numerous other wide disparities in fees allowed for identical services which appear from a comparison of N.J.S.A. 22A:4-8 and N.J.S.A. 22A:2-38. Indeed, even that section of the latter statute, which the sheriff argues should be read in pari materia, allows the constables 10% of the first $1,000 and 5% of any amounts in excess thereof. N.J.S.A. 22A:4-8 on the other hand, allows the sheriff 4% of the first $1,000 and 2 1/2% on the excess. It is clear to us, therefore, that the Legislature's failure to allow sheriffs fees for executions on cash as is provided for constables and sergeants at arms was not inadvertent. What the Legislature omits the courts will not supply. See, e.g., Craster v. Newark Bd. of Commn'rs, 9 N.J. 225, 230 (1952); 73 Am.Jur.2d, Statutes, § 203. Omissions may only be supplied when necessary to carry out the manifest intent of the Legislature. Publix Asbury Corp., Inc. v. Asbury Park, 18 N.J. Super. 286, 293 (Ch.Div. 1951), aff'd o.b. 18 N.J. Super. 192 (App.Div. 1952). This is especially true where the Legislature has demonstrated that it knew how to express itself when it chose to allow fees for cash executions.
Finally, we note that on September 12, 1979 the Governor signed into law Senate Bill 1129, amending N.J.S.A. 22A:4-8 to provide:
On an execution against wages, commissions and salaries, the sheriff shall charge the same percentage fees on all sums collected as those percentage fees applicable in cases wherein an execution sale is consummated.
*332 We regard this purposeful alteration of the statute to provide commissions on these limited forms of cash executions as clearly evidencing the Legislature's awareness that without the amendment such commissions were not allowed. State v. Magner, 151 N.J. Super. 451, 453 (App.Div. 1977); Page v. Johnson, 45 N.J. Super. 97, 104 (Ch.Div. 1957); Magierowski v. Buckley, 39 N.J. Super. 534, 554 (App.Div. 1956).
The judgment of the Chancery Division allowing the sheriff commissions on a cash execution is reversed.