[No. 7961–1–I.   Division One.   December 15, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIE
R. DAY, *Appellant.*

*K. R. St. Clair,* for appellant.

*C. Thomas Moser, Prosecuting Attorney,* and *Donald J. Bisagna, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The defendant, Willie R. Day, appeals his conviction in the Superior Court for Skagit County of driving while under the influence of intoxicating liquor. RCW 46.61.502.

It is undisputed that the defendant, while under the influence of intoxicating liquor, drove an unlicensed vehicle rapidly around a post in a field owned by his parents. His erratic driving was observed by a deputy sheriff from a public road and he was arrested. At no time was the defendant observed driving on a public road or on property where the public might reasonably be expected to be.

The issue raised by this appeal is one of first impression in this state.

## ISSUE

Does RCW 46.61.502, which prohibits driving while under the influence of intoxicating liquor, apply to the operation of a motor vehicle on private property as well as to the operation of a motor vehicle on a public highway?

## DECISION

CONCLUSION. The statute which prohibits driving while intoxicated applies to offenses committed anywhere within this state.

RCW 46.61.502 prohibits driving while under the influence of intoxicating liquor *"within this state."* (Italics ours.)[1] The pertinent statutory language was enacted in 1968 when Initiative 242 was adopted by a vote of the people. Unlike the statutes which preceded it, the scope of Initiative 242, § 3 (*see* Laws of 1969, ch. 1, § 3, p. 4) was not

---

[1]RCW 46.61.502 states in part:
"A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within this state . . ."

limited to public highways. Although there have been subsequent statutory amendments, the language "within this state" has not been changed.[2]

RCW 46.61 sets forth this state's rules of the road. Generally, they apply only to the operation of motor vehicles on public highways. RCW 46.61.005;[3] *see Seattle v. Wright*, 72 Wn.2d 556, 559, 433 P.2d 906 (1967). An express exception to the principle that the rules of the road apply only to public highways, however, governs RCW 46.61.502 prohibiting driving while under the influence of intoxicating liquor. By virtue of RCW 46.61.005(2) (see footnote 3), that statute applies "*upon highways and elsewhere throughout the state.*" (Italics ours.)

█ In interpreting an initiative measure, we must ascertain and give effect to the intention of the people as expressed in the enactment; and in interpreting a statute, we must do the same with respect to the intention of the legislature. *State v. Felix*, 78 Wn.2d 771, 776, 479 P.2d 87 (1971). Where such language is plain and unambiguous, its meaning must be derived from the wording of the enactment itself. *See In re Lehman*, 93 Wn.2d 25, 27, 604 P.2d 948 (1980).

The people by enacting Initiative 242 and the legislature by its statutory enactments have evinced a clear intent to prohibit the operation of motor vehicles while under the influence of intoxicating liquor anywhere in this state, on private property as well as on public highways.

---

[2]The statute has been amended twice since 1969. *See* Laws of 1975, 1st Ex. Sess., ch. 287, § 1, p. 1223; Laws of 1979, 1st Ex. Sess., ch. 176, § 1, p. 1628. In 1979, the statute was renumbered from RCW 46.61.506 to RCW 46.61.502. Although the 1979 amendments were enacted subsequent to the date of the offense in this case, the pertinent language here was not affected.

[3]RCW 46.61.005 states in pertinent part:

"The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:

" . . .

"(2) The provisions of RCW . . . 46.61.500 through 46.61.520 shall apply upon highways and elsewhere throughout the state."

Courts in other jurisdictions construing statutes similar to our own generally have reached the same conclusion.[4] As one court appropriately observed:

Operation of a motor vehicle while under the influence of intoxicating liquor holds no less threat of extraordinary danger of injury to the driver and others or damage to property because that particular folly is performed in a private place than it would were it to occur in a *quasi* –public or public place.

(Footnote omitted.) *State v. Magner,* 151 N.J. Super. 451, 454, 376 A.2d 1333, 1334 (1977).

Affirmed.

JAMES, A.C.J., and DURHAM, J., concur.

Reconsideration denied January 27, 1981.

Review granted by Supreme Court April 23, 1981.

---

[4]*See, e.g., State v. Valeu,* 257 Iowa 867, 134 N.W.2d 911 (1965); *State v. Budden,* 226 Kan. 150, 595 P.2d 1138 (1979); *State v. Carroll,* 225 Minn. 384, 31 N.W.2d 44 (1948). *See generally* Annot., 29 A.L.R.3d 938 (1970).