625 A.2d 37

STEVEN WALDIE, THE LAW OFFICES OF VENTURI, GOODWIN & BROCKWAY, P.C., PLAINTIFFS–APPELLANTS, v. THE STATE OF NEW JERSEY; THE NEW JERSEY STATE OFFICE OF THE ATTORNEY GENERAL; ROBERT J. DEL TUFO, ATTORNEY GENERAL; ALEXANDER P. WAUGH, JR., COUNSEL TO THE ATTORNEY GENERAL; JOHN M. FAHY, DEPUTY ATTORNEY GENERAL; THE STATE OF NEW JERSEY DEPARTMENT OF THE TREASURY, GENERAL SERVICES ADMINISTRATION—BUREAU OF RISK MANAGEMENT; KURT P. SHADLE, ADMINISTRATOR BUREAU OF RISK MANAGEMENT; COL. JUSTIN J. DINTINO, SUPT.—NEW JERSEY STATE POLICE; RICHARD JONES, INTERNAL AFFAIRS BUREAU; STATE TROOPERS FRATERNAL ASSOCIATION; THOMAS ISKRZYCKI, PRESIDENT, STATE TROOPERS FRATERNAL ASSOCIATION; NEW JERSEY TURNPIKE AUTHORITY; DONALD L. WATSON, EXECUTIVE DIRECTOR, NEW JERSEY TURNPIKE AUTHORITY, DEFENDANTS–RESPONDENTS.

ROBERT HENIG; THE LAW OFFICES OF FRANCIS J. HARTMAN, CHARTERED; AND THE LAW OFFICES OF HARTMAN, MARKS AND NUGENT, PLAINTIFFS–APPELLANTS, v. THE STATE OF NEW JERSEY; THE NEW JERSEY STATE DEPARTMENT OF LAW AND PUBLIC SAFETY—OFFICE OF THE ATTORNEY GENERAL; ROBERT J. DEL TUFO, ATTORNEY GENERAL; COL. JUSTIN J. DINTINO, SUPERINTENDENT, NEW JERSEY STATE POLICE; AND THE NEW JERSEY TURNPIKE AUTHORITY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 20, 1993—Decided May 24, 1993.

`Before Judges ANTELL, DREIER and SKILLMAN.

*John M. Fahy,* Senior Deputy Attorney General, argued the cause for appellant State of New Jersey *(Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Mr. Fahy,* of counsel and on the letter brief).

*Patricia J. Kerins* argued the cause for appellant Turnpike Authority *(Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross,* attorneys; *Ms. Kerins* and *Paul P. Josephson,* on the brief).

*Richard M. Brockway* argued the cause for respondent Waldie *(Venturi, Goodwin & Brockway,* attorneys; *Jack Venturi,* on the brief).

*Francis J. Hartman* argued the cause for respondent Henig *(Hartman, Marks & Nugent,* attorneys; *Robin G. Marks,* on the brief).

The opinion of the court was delivered by

ANTELL, P.J.A.D.

The State of New Jersey and its related defendants appeal, by our leave granted, from an interlocutory order of the Law Division dated November 20, 1992, denying their motion to transfer the within matter to the Appellate Division for disposition. The motion was made in the Law Division on the ground that the complaint herein sought review of State administrative agency action and could therefore only be presented by appeal to the

Appellate Division. *R.* 2:2–3(a)(2). Defendant New Jersey Turnpike Authority appeals from a separate order also dated November 20, 1992, denying its motion to transfer or, in the alternative, to dismiss the action for failure to state a cause of action. We have consolidated both appeals for purposes of review.

Plaintiffs are New Jersey State Troopers who successfully defended themselves against criminal indictments charging them with offenses allegedly committed in connection with their official duties. They then brought this action for reimbursement of their attorneys fees incurred in connection with their defenses. Plaintiff Henig seeks reimbursement of $357,797.40. Plaintiff Waldie seeks reimbursement of $110,926.61. The claims were made pursuant to The New Jersey Tort Claims Act, *N.J.S.A.* 59:10–2.1, which provides:

> If any criminal action is instituted against any State officer based upon an act or omission of that officer arising out of and directly related to the lawful exercise of his official duties or under color of his authority, and that action is dismissed or results in a final disposition in favor of that officer, the State shall reimburse the officer for the cost of defending the action, including reasonable attorney's fees and costs of trial and appeals.

■ Citing the principles announced in *Pascucci v. Vagott,* 71 *N.J.* 40, 52, 362 *A.*2d 566 (1976), the State maintains that its refusal to reimburse plaintiffs constitutes "an internal administrative decision as to whether the employee acted within the scope of his employment entitling him to protection under the statute," a determination that may be reviewed only in the Appellate Division. Without elaboration, the State relies upon *Helduser v. Kimmelman,* 191 *N.J.Super.* 493, 467 *A.*2d 1094 (App.Div.1983), for the proposition that the Attorney General's decision to provide or not to provide a defense in criminal matters is "wholly discretionary."

*Helduser* was decided several years before *N.J.S.A.* 59:10–2.1 was enacted. The focus of that decision was upon Chapter 10A, not Chapter 10. Chapter 10A deals with the duty of the Attorney General to provide for the defense of any action brought against a State employee or former State employee on account of an act or omission in the scope of employment. *N.J.S.A.* 59:10A–2 express-

ly states that the Attorney General may refuse to provide such a defense if he decides that the act or omission was not within the scope of employment or if the employee's conduct was a product of fraud, willful misconduct or actual malice, or if the defense of the action would create a conflict of interest between the State and the employee or former employee. The dispute in *Helduser* arose under *N.J.S.A.* 59:10A–3, which provides as follows:

> In any other action or proceeding, including criminal proceedings, the Attorney General may provide for the defense of a State employee or former State employee, if he concludes that such representation is in the best interest of the State.

The *Helduser* court simply concluded that the phrase "including criminal proceedings" contained in Section 10A–3 was intended "to express the Attorney General's discretionary authority to furnish a defense for all state employees charged with crimes when he determines that it is [in] the 'best interest of the State' to do so." *Id.*, at 509–510, 467 *A.*2d 1094. The State seems to argue that because the *Helduser* court recognized the Attorney General's discretion to decide under *N.J.S.A.* 59:10A–3 whether or not to provide a defense, that the same discretion should be applied to the question of whether or not indemnification should be paid under *N.J.S.A.* 59:10–2.1 where a defense is not provided and the criminal proceeding is disposed of favorably to the officer. But one statute deals with indemnification; the other with providing a defense. The fact that the Legislature expressly vested discretion in the Attorney General to decide whether or not a defense should be provided and omitted to do so where payment of indemnification is concerned, signifies that the omission in the latter case was intentional. What the Legislature omits courts will not supply. *See, e.g., Craster v. Newark Bd. of Commn'rs,* 9 *N.J.* 225, 230, 87 *A.*2d 721 (1952). This is especially true here, where the Legislature has demonstrated that when it chose to vest discretion in the Attorney General it knew how to express itself. *See, International Broth. of Elec. Workers v. Gillen,* 174 *N.J.Super.* 326, 331, 416 *A.*2d 446 (App.Div.1980). By providing in *N.J.S.A.* 59:10–2.1 that "the State shall reimburse the officer for the cost of defending the action," the lawmakers left nothing to the discretion of the Attor-

ney General. Instead, the evident legislative intent was to have the court decide whether the conditions for the award of counsel fees under *N.J.S.A.* 59:10–2.1 have been satisfied.

A further examination of the related statutes fortifies our conclusion that the matter in controversy must be heard in the Law Division, not in the Appellate Division. *N.J.S.A.* 59:10–2.2 directs as follows:

> A claim for reimbursement shall be filed within the time and in the manner provided for claims for damage or injury under chapter 8 of Title 59 of the New Jersey Statutes. . . .

*N.J.S.A.* 59:8–8 specifies that only after the expiration of six months from the date notice of claim is received may the claimant "file suit in an appropriate court of law." The State, of course, would argue that the appropriate court of law in this case is the Appellate Division. But *R.* 2:4–1, governing appeals to the Appellate Division, provides that appeals from decisions or actions of State administrative agencies must be taken within forty-five days from the date of service of the decision. Thus, where the Attorney General acts promptly upon the notice of claim, the State's contention, if accepted, would produce a hopeless conflict between the court rule that requires an appeal to be taken within forty-five days and the statute that precludes the taking of such action before the expiration of six months. We conclude that the Legislature did not intend such a result.

The Turnpike Authority and its executive director contend that they are not answerable to plaintiffs' claim under the indemnification provision of the Tort Claims Act. We first note that *N.J.S.A.* 59:10–2.1 directs that "the *State* shall reimburse the officer for the cost of defending the action. . . ." (Emphasis supplied). The definition of the "State" under *N.J.S.A.* 59:1–3 of the New Jersey Tort Claims Act excludes any "entity which is statutorily authorized to sue and be sued." The Turnpike Authority is an independent agency distinct from the State, which is authorized to sue and be sued in its own name. *N.J.S.A.* 27:23–5(d). Plaintiffs, however, rely on an agreement between the Turnpike Authority and the New Jersey State Police under which

the Turnpike Authority hires the State Police to provide services on the New Jersey Turnpike. The agreement recognizes the relevant indemnification provisions of Chapter 10 of the New Jersey Tort Claims Act and provides that the Authority shall reimburse the State for claims pursuant to those statutory provisions. Plaintiffs maintain that this covenant constitutes a contract for the benefit of third parties upon which plaintiffs have a right to sue.

The agreement makes no provision for benefits to be paid to any third parties. Plaintiffs have failed to demonstrate any basis for its claim of a contract entered into between the Authority and the State for the benefit of a third party within the intent of *Broadway Maintenance Corp. v. Rutgers,* 90 *N.J.* 253, 259, 447 A.2d 906 (1982). ("The principle that determines the existence of a third-party beneficiary status focuses on whether the parties to the contract intended others to benefit from the existence of the contract. . . .")

The order of the Law Division dated November 20, 1992, denying the State's motion for transfer to the Appellate Division, is affirmed. It is directed, however, that the dispute be heard by the judge who presided over the trial of the criminal proceedings out of which plaintiffs' claims for indemnification arise. The order of the Law Division dated November 20, 1992, denying the New Jersey Turnpike Authority's motion to dismiss, is reversed.